IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ROBERT V. GOMEZ, II, KAITLYN  \*
ANN WILLE, and JENNIFER PRICE,
                                \*
    Plaintiffs,
                                \*
vs.
                                \*      CASE NO. 3:17-CV-41 (CDL)
HARBOR FREIGHT TOOLS USA, INC.,
CENTRAL PURCHASING, LLC, and    \*
HFT HOLDINGS, INC.,
                                \*
    Defendants.
                                \*

O R D E R

This is a product liability case about a plastic gas container that exploded when Plaintiff Bobby Gomez poured a mixture of diesel and gasoline onto a mostly extinguished fire. Plaintiffs intend to rely on expert testimony from human factors expert Robert Cunitz. Defendants seek to exclude all testimony from Cunitz under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). For the reasons set forth below, the Court grants Defendants' motion to exclude Cunitz's testimony (ECF No. 77).

DISCUSSION

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if" his "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" his "testimony is

based on sufficient facts or data" and "is the product of reliable principles and methods;" and he "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  Thus, in evaluating the admissibility of expert testimony, the Court must consider whether "the expert is qualified to testify competently regarding the matters he intends to address," whether his methodology "is sufficiently reliable," and whether his testimony will help the trier of fact "understand the evidence or to determine a fact in issue." *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc).  The Court's goal is to ensure "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).  To allow the testimony to be considered by the jury, the Court must find that "'it is properly grounded, well-reasoned, and not speculative.'"  *Id.* (quoting Fed.R.Evid. 702 advisory comm. note (2000 amends)).

    Dr. Robert Cunitz is a human factors expert.  He has a B.A. and an M.S. in psychology from Lehigh University, as well as a Ph.D. in experimental and human factors psychology from the University of Maryland.  Dr. Cunitz has been a licensed psychologist for more than forty years, and he has been a Certified

Human Factors Professional for more than twenty-five years. He has designed warnings for a number of products.

Dr. Cunitz intends to opine that the gas can at issue in this case had a design defect because it lacked a flame arrestor, that the defect could not be addressed by relying on warnings, that Harbor Freight had a duty to evaluate the gas can's safety, that the warnings on the gas can were inadequate, and that the failure to provide adequate warnings was a substantial cause of Plaintiffs' injuries. The Court previously granted Defendants' motion for summary judgment as to Plaintiffs' warning claims, so Dr. Cunitz's testimony regarding the adequacy of the warnings, including his application of human factors principles to explain how the presence or absence of a flame arrestor conveys information to a consumer about the safe operation of the gas can, is irrelevant. The remaining question is whether he may testify that the gas can had a design defect or that Harbor Freight breached its duties by selling the gas can without independently evaluating its safety.

Dr. Cunitz is a psychologist and human factors expert, not an engineer. Plaintiffs did not point to any scientific, technical, or other specialized knowledge that Dr. Cunitz has that qualifies him to opine the gas can had a design defect because it lacked a flame arrestor. The fact that Dr. Cunitz has reviewed some articles and reports about gas can safety and flame arrestors does not qualify him as an expert on the issue of whether the gas can

had a design defect. He shall not be permitted to offer testimony on whether the gas can had a design defect.

Turning to Dr. Cunitz's opinions on Harbor Freight's duty to evaluate the safety of the gas can before selling it, the Court is not convinced that Dr. Cunitz is qualified to offer such an opinion. Plaintiffs did not point to any scientific, technical, or other specialized knowledge that Dr. Cunitz has that qualifies him to testify on the duties of retailers and whether Harbor Freight breached those duties. Moreover, under Georgia law, a retailer can be liable under a negligence theory only if it sold a product even though it had actual or constructive knowledge that the product was unreasonably dangerous at the time of the sale. Plaintiffs did not point to any authority suggesting that a Georgia retailer has an affirmative duty to test the products it sells. Accordingly, Dr. Cunitz shall not be permitted to testify on these issues.

## CONCLUSION

For the reasons set forth above, Defendants' motion to exclude Dr. Cunitz (ECF No. 77) is granted.

IT IS SO ORDERED, this 22nd day of April, 2019.

s/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA